UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMAZON TECHNOLOGIES, INC., a Nevada corporation,<br><br>       Plaintiff,<br><br>v.<br><br>AMAZON WARRANTY CORPORATION, a New York Corporation; AMAZON HOME WARRANTY LLC, a Wyoming limited liability company; HARRY J. BAILEY, an individual; and MARK ABADY, an individual; and Does 1–10,<br><br>       Defendants. | No. 1:22-cv-8391<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF<br><br>Jury Trial Demand |

## COMPLAINT

Plaintiff Amazon Technologies, Inc. ("Amazon") brings this action against Defendants Amazon Warranty Corporation and Amazon Home Warranty LLC (collectively, "AWC"), along with their principals, Defendants Harry J. Bailey ("Bailey") and Mark Abady ("Abady"),[1] and Does 1–10, for injunctive relief and damages as follows:

### I.   SUMMARY

1. Amazon brings this suit to remedy Defendants' repeated and ongoing infringement of Amazon's marks, and the breach of Amazon's settlement agreement with Defendant Amazon Warranty Corporation.

2. Amazon's affiliates own and operate http://www.amazon.com and equivalent counterpart international stores and websites. Amazon's stores offer products and services to customers in more than 100 countries around the globe. Since 1995, Amazon has used various Amazon marks to distinguish its products and services in the minds of consumers and has earned a reputation for unparalleled customer service and customer trust. Among many other products and services, Amazon uses the Amazon Marks in connection with a wide range of professional

---

[1] In some sources, Abady's first name is also spelled "Marc."

home services, as well as extended warranty services for a wide range of products, including home appliances.[2]

3.  AWC sells warranty plans for various home appliances and household systems, such as refrigerators, dishwashers, air conditioning systems, and electrical systems. But instead of competing fairly in the marketplace, AWC has marketed (and continues to market) its services under the name "Amazon Home Warranty," which infringes the Amazon Marks, confuses consumers as to the source and origin of AWC's services, and dilutes Amazon's invaluable brand.

4.  AWC also engages in dishonest business practices. The Better Business Bureau gives AWC a "C-" rating and has logged 562 consumer complaints against AWC in the past three years, including many complaints for AWC's failure to honor its warranty plans.[3] The Arizona Attorney General recently sued companies affiliated with AWC doing business in Arizona, as well as Defendants Bailey and Abady, and obtained a consent judgment against them for making misrepresentations to consumers, including posting fake five-star reviews, falsely representing that the company had been in business for nearly 10 years, and misleading consumers about the identities of the company's officers.[4]

5.  In 2018, Amazon became aware of AWC's infringement when Defendant Amazon Warranty Corporation applied to the United States Patent and Trademark Office ("USPTO") for registration of the purported "Amazon Home Warranty" mark. Amazon opposed the application, and, on June 18, 2019, Amazon and Defendant Amazon Warranty Corporation executed a settlement agreement (the "Settlement Agreement") in which Amazon Warranty Corporation promised, among other things, to withdraw its trademark application with prejudice, cease using "Amazon Home Warranty" in commerce, and transfer to Amazon the domain amazonhomewarranty.com, which AWC was using to market and sell its services.

---

[2] For purposes of this Complaint, the "Amazon Marks" means the marks that are subject to the registrations listed in the chart in Paragraph 28 of this complaint.

[3] https://www.bbb.org/us/oh/columbus/profile/home-warranty-plans/amazon-home-warranty-llc-0302-70102813 (last accessed Sept. 29, 2022).

[4] https://www.azag.gov/press-release/attorney-general-mark-brnovich-obtains-150000-amazon-home-warranty-fake-reviews-case (last accessed Sept. 29, 2022).

6. Defendant Amazon Warranty Corporation has not complied with its obligations under the Settlement Agreement, and AWC continues to infringe Amazon's intellectual property rights. AWC has not transferred the amazonhomewarranty.com domain to Amazon, and Defendants continue to use the Amazon Marks to market AWC's services. Amazon has engaged in extensive negotiations with AWC, but AWC has refused to comply with the Settlement Agreement and cease its infringement of the Amazon Marks.

7. On information and belief, AWC also continues to falsely represent to consumers that it is a subsidiary of Amazon. For example, as recently as June 14, 2022, a consumer reported on ConsumerAffairs.com that AWC had falsely held itself out to the consumer as a subsidiary of Amazon.com. The consumer reported that they only discovered "much later" that AWC was not affiliated with Amazon.

8. In this action, Amazon brings claims for violations of §§ 32 and 43 of the Lanham Act, 15 U.S.C. § 1114 (Trademark Infringement), § 1125(a)(1) (False Designation of Origin), and § 1125(c) (Trademark Dilution); violation of the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d); and breach of contract under Delaware common law.

## II.    JURISDICTION AND VENUE

9. This Court has personal jurisdiction over Defendant Amazon Warranty Corporation because it is a New York corporation with its principal place of business in New York, New York. Defendant Amazon Warranty Corporation also negotiated, entered into, and breached the Settlement Agreement with Amazon in New York. Defendant Amazon Warranty Corporation has specifically directed its infringing activities to consumers in New York, including by offering for sale and selling its infringing products and services to consumers in New York, and has injured Amazon in New York.

10. This Court has personal jurisdiction over Defendant Amazon Home Warranty LLC because it has specifically directed its infringing activities to consumers in New York, including by offering for sale and selling infringing products and services to consumers in New York, and has injured Amazon in New York.

11. This Court has personal jurisdiction over Defendant Bailey because, on information and belief, he is a resident of New York.

12. In addition, this Court has personal jurisdiction over Defendants Bailey and Abady because they both are (or were) officers of Amazon Warranty Corporation and, on information and belief, both regularly conduct business activities in the State of New York, including business activities related to Amazon Warranty Corporation's infringement and breaches of contract pled in this Complaint. On information and belief, Defendants Bailey and Abady had knowledge of, directed, controlled, and benefited from Amazon Warranty Corporation's infringing activities and breaches of contract in New York.

13. Defendant Bailey signed the Settlement Agreement as Defendant Amazon Warranty Corporation's CEO, and currently lists himself on LinkedIn as a "consultant" with Amazon Warranty Corporation in the "Greater New York City Area." Defendant Bailey lists his location on LinkedIn as the "New York City Metropolitan Area."

14. Defendant Abady is the current CEO of Amazon Warranty Corporation, according to New York State records, and lists several additional businesses in the "Greater New York City Area" on his LinkedIn profile.

15. In 2021, Defendants Bailey and Abady both signed a Consent Judgement with the Arizona Attorney General on behalf of a group of business doing business in Arizona as "Amazon Home Warranty." In the complaint in that case, the Arizona Attorney General alleged that Defendants Bailey and Abady, along with one other individual, were "responsible for making all significant decisions relating to [the defendant "Amazon Home Warranty" entity's] services and advertisements." On information and belief, Defendants Bailey and Abady were also responsible, with the Doe Defendants, for making all significant decisions related to the actions giving rise to liability in this lawsuit.

16. This Court has subject matter jurisdiction over Amazon's Lanham Act claims for (1) trademark infringement, (2) false designation of origin, (3) trademark dilution, and (4) cybersquatting pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332 and 1338(a). The Court

has subject matter jurisdiction over Amazon's state law claim pursuant to 28 U.S.C. §§ 1332 and 1367.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to Amazon's claims occurred in the Southern District of New York. On information and belief, Defendants Amazon Warranty Corporation and Bailey negotiated and entered into the Settlement Agreement with Amazon in the Southern District of New York. Defendant Amazon Warranty Corporation breached the Settlement Agreement with Amazon in the Southern District of New York. On information and belief, Defendants advertised and directed their infringing activities to consumers in the Southern District of New York, including by offering for sale and selling their infringing products and services to consumers in the Southern District of New York.

18. Pursuant to Rule 18(a)(3)(C) of the Rules for the Division of Business among District Judges, Southern District of New York, assignment to Manhattan is warranted in this case because no party resides in the Northern Counties as used in that Rule and Defendant Amazon Warranty Corporation has its principal place of business in Manhattan.

### III. THE PARTIES

19. Amazon Technologies, Inc. is a Nevada corporation with its principal place of business in Seattle, Washington.

20. Defendant Amazon Warranty Corporation is a New York corporation with its principal place of business in New York, New York.

21. Defendant Amazon Home Warranty LLC is a Wyoming company with its principal place of business in Brooklyn, New York. On information and belief, Defendant Amazon Home Warranty LLC is the entity that currently operates the infringing ahwp.com website. Defendant Bailey is a member of Defendant Amazon Home Warranty LLC. On information and belief, Defendant Amazon Home Warranty LLC is operated and controlled by Defendants Bailey and Abady.

22. On information and belief, Defendant Bailey is a resident of New York. On November 29, 2021, Defendant Bailey signed a Consent Judgement with the Arizona Attorney General that stated that he is a resident of New York. As of June 18, 2019, Defendant Bailey was the Chief Executive Officer of Defendant Amazon Warranty Corporation.

23. On information and belief, Defendant Abady is a resident of New Jersey. Defendant Abady is currently the Chief Executive Officer of Defendant Amazon Warranty Corporation, according to New York State records.

24. On information and belief, Defendants Bailey and Abady control, operate, and direct the business activities of Defendants Amazon Warranty Corporation and Amazon Home Warranty LLC. On information and belief, Defendants Bailey and Abady personally engaged in, authorized, directed, and benefited from the conduct that constitutes the violations of the Lanham Act pled in this complaint and are therefore personally liable for that conduct.

25. Does 1–10 are entities affiliated with AWC that participate in AWC's infringement of the Amazon Marks or breach of contract or are individuals who authorize, control, operate, direct, and benefit from AWC's or entities affiliated with AWC's infringement of the Amazon Marks or breach of contract. Amazon is unaware of the true names or roles of Defendants sued in this complaint as Does 1–10, and therefore Amazon sues these Defendants by fictitious names. Amazon will amend this Complaint to allege their true names and capacities when ascertained. Amazon is informed and believes and therefore alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in this complaint and that said Defendants caused Amazon's injuries alleged in this complaint.

26. On information and belief, Defendants Amazon Warranty Corporation and Amazon Home Warranty LLC operate and are responsible for the home warranty business that formerly did business as Amazon Home Warranty and now does business as AHW Home Warranty.

27. On information and belief, Defendants Amazon Warranty Corporation and Amazon Home Warranty LLC operate, control, and are jointly responsible for the amazonhomewarranty.com website and the ahwp.com website.

## IV. THE AMAZON MARKS

28. Amazon Technologies, Inc. is the owner of all rights in the Amazon Marks, which are listed below and are the subject of the following registrations:

| Mark | Registration No. (International Classes) |
|---|---|
| AMAZON | 2,559,936 (Int. Cls. 35, 36, 42)<br>2,657,226 (Int. Cl. 42)<br>2,832,943 (Int. Cl. 35)<br>4,089,910 (Int. Cl. 35)<br>5,355,386 (Int. Cl. 35)<br>5,508,999 (Int. Cls. 35, 36, 41, 42)<br>5,906,636 (Int. Cls. 35, 36)<br>6,666,404 (Int. Cls. 9, 35) |

29. "Amazon" is not only Plaintiff's name, it is also the most important and easily recognized identifier of the goods and services that Amazon offers. There is a close association among consumers between Amazon, the business, the Amazon Marks, and the products and services offered by Amazon. For hundreds of millions of consumers, the Amazon Marks have come to represent a wide selection of consumer products and services, fast delivery, everyday low pricing, outstanding customer service, and unsurpassed trust.

30. Amazon annually spends time, money, and effort advertising and promoting products and services bearing the Amazon Marks, and it has sold billions of dollars' worth of these products and services in the United States. Through these and other investments in its customers' trust, Amazon has developed a reputation for high quality products and services.

31. Amazon has continuously and exclusively used the Amazon Marks to distinguish its products and services and has developed common law rights to the Amazon Marks through Amazon's extensive use of them. Among other products and services, Amazon uses the Amazon Marks in connection with a wide range of professional home services, as well as extended warranty services for products like home appliances and other products. The Amazon Marks distinguish these products and services in the minds of consumers. Amazon used the Amazon Marks in commerce in connection with these products and services well before AWC began using the "Amazon Home Warranty" term.

32. The United States registrations for the Amazon Marks are valid, subsisting, and in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065. The Amazon Marks have never been abandoned. The registrations for the Amazon Marks constitute *prima facie* evidence of their validity and of Amazon's exclusive right to use the Amazon Marks pursuant to 15 U.S.C. § 1057(b).

33. Today, the Amazon Marks are well-known by the general consuming public in the United States. Because of Amazon's advertisement and promotion of the Amazon Marks, consumers have come to recognize the Amazon Marks as symbols of the trustworthiness of the products and services bearing the Amazon Marks, and further, associate the Amazon Marks solely with Amazon and its high-quality goods and services.

34. Through Amazon's advertisement and promotion and the high level of recognition by the general consuming public of the United States, the Amazon Marks are famous and became famous long before AWC's use of the term "Amazon Home Warranty." The Amazon Marks are famous by virtue of their inherent distinctiveness and secondary meaning as a designation of the source of goods and services associated with trust that consumers place in purchasing from Amazon.

### V. AWC'S INFRINGEMENT OF THE AMAZON MARKS AND BREACHES OF THE SETTLEMENT AGREEMENT

35. AWC sells warranty plans for various home appliances and household systems, like refrigerators, dishwashers, air conditioning systems, and electrical systems.

36. Instead of building its own brand, AWC uses the Amazon Marks to market and sell its offerings to the public. AWC has made extensive use of the term "Amazon Home Warranty" on its websites, amazonhomewarranty.com and ahwp.com; on social media, including Facebook, Instagram and LinkedIn; and in online advertisements, including advertisements on Google. Amazon has succeeded in efforts to stop some of these infringing uses. But AWC's infringement persists, requiring Amazon to file this lawsuit.

37. Unfortunately, AWC has a very poor track record of honesty and customer service. As noted above, the Better Business Bureau gives AWC a "C-" rating and has logged 562 consumer complaints against AWC in the past three years, including many complaints for failure to honor its warranty plans.[5] The Arizona Attorney General recently sued certain of AWC's affiliates, as well as Defendants Bailey and Abady, and obtained a consent judgment against them for making misrepresentations to consumers, including posting bogus five-star reviews, falsely representing that the company had been in business for nearly 10 years, and misleading consumers about the identity of the company's officers.[6]

38. AWC's infringement came to Amazon's attention when Defendant Amazon Warranty Corporation applied to the USPTO for registration of "Amazon Home Warranty" as a trademark. On September 11, 2018, Amazon contacted AWC to ask AWC to abandon its trademark application, discontinue use of the term "Amazon Home Warranty," and transfer the amazonhomewarrany.com domain to Amazon. Amazon also filed an Opposition to the application with the USPTO.

39. On June 18, 2019, Amazon and Defendant Amazon Warranty Corporation executed the Settlement Agreement. Defendant Bailey signed the Settlement Agreement on behalf of Defendant Amazon Warranty Corporation as its CEO. The Settlement Agreement provides that it should be enforced under Delaware law.

40. Under the Settlement Agreement, Defendant Amazon Warranty Corporation agreed to transfer ownership and control over the domain amazonhomewarranty.com to Amazon by June 30, 2021.

41. Defendant Amazon Warranty Corporation also agreed to discontinue, by April 25, 2020, all uses of "Amazon Home Warranty" and any other names or logos that include the word "Amazon" or are confusingly similar to the Amazon Marks. The Settlement Agreement contains a narrow carveout allowing Defendant Amazon Warranty Corporation, and certain subsidiaries not

---

[5] *See supra* n.3.
[6] *See supra* n.4.

including Defendant Amazon Home Warranty LLC, to keep using their formal corporate names for purposes of regulatory compliance or as otherwise required by law. However, under no circumstances are Defendants allowed to use names containing the Amazon Marks as part of any trademark, brand, advertising, domain name, or any other materials distributed to a third party other than to a governmental agency as required by law. There is no carveout in the Settlement Agreement for Defendant Amazon Home Warranty LLC to retain its corporate name.

42. Defendant Amazon Warranty Corporation represented and warranted to Amazon that it had the right and power to perform its obligations under the Settlement Agreement, including the power to bind its affiliated entities.

43. In exchange for Defendant Amazon Warranty Corporation's promises under the Settlement Agreement, Amazon agreed to release claims against Defendant Amazon Warranty Corporation involving likelihood of confusion arising from Defendant Amazon Warranty Corporation's use of the Amazon Marks before June 25, 2019. However, Amazon's release of such claims was expressly contingent on Defendant Amazon Warranty Corporation's full and faithful performance under the Settlement Agreement.

44. Defendant Amazon Warranty Corporation has not complied with the Settlement Agreement, and AWC has continued to infringe the Amazon Marks.

45. Over the past two years, Amazon has contacted AWC numerous times in a good faith effort to obtain compliance with the Settlement Agreement and put an end to AWC's infringement. Although AWC has ceased certain of the infringements that were the subjects of Amazon's communications to AWC, AWC still persists in infringing the Amazon Marks, and Defendant Amazon Warranty Corporation continues to breach the Settlement Agreement.

46. Long after April 25, 2020, the date by which such use was supposed to cease under the Settlement Agreement, AWC continued to use the term "Amazon Home Warranty" in commerce. At least as of June 23, 2020, AWC continued to use the "Amazon Home Warranty" term throughout the amazonhomewarranty.com website, including using an infringing "Amazon Home Warranty" logo on the "Get Quote" page, using an infringing email address on the "Contact

Us" page, and using the term "Amazon Home Warranty" on the "Sample Contract" page and in the copyright notice in the footer of the website.

47. At some point during the summer of 2020, AWC moved its website from amazonhomewarranty.com to ahwp.com. AWC's infringement of the Amazon Marks persisted, however. For example, AWC continued to: use "Amazon Home Warranty" in the email address posted on its website; use an "Amazon Home Warranty" logo on Facebook and Instagram; use an "#amazonhomewarranty" hashtag on Instagram; and use the term "Amazon" in the browser tab for its website. As of August 8, 2021, AWC continued to use the "Amazon Home Warranty" term in advertisements on Facebook and in the copyright notice in the footer to the ahwp.com website.

48. As of April 29, 2022, AWC's infringement persisted. AWC continued to use "Amazon Home Warranty" in promoted Google search results, testimonials on its ahwp.com website, and in the copyright notice in the footer of its ahwp.com website.

49. In addition to multiple telephone calls to AWC's counsel, Amazon contacted AWC in writing regarding AWC's continued infringement and violations of the Settlement Agreement on at least April 20, 2020; April 24, 2020; May 4, 2020; June 23, 2020; June 26, 2020; August 10, 2020; August 15, 2020; September 10, 2020; September 15, 2020; November 24, 2020; and May 2, 2022.

50. AWC has ceased certain of the infringements that Amazon has identified to AWC. But AWC's infringement persists in several instances. For example, AWC continues to use the "Amazon Home Warranty" phrase in the Terms of Use on its ahwp.com website. And, and recently as this month, AWC continued to use the "Amazon Home Warranty" phrase on its LinkedIn page, https://www.linkedin.com/company/amazonhomewarranty.



51.     In addition, on information and belief, AWC continues to run Google Ads[7] using the name "Amazon Home Warranty." For example, publicly available resources show that AWC has run the following ads between March 2022 and the present:

**Amazon Home Warranty - America's #1 Home Warranty**
http://ahwp.com/

Cover your HVAC, Furnace, Water Heater, Plumbing, & all kitchen appliances. Now offering 40% more coverage than the average home warranty. Get Your First Month Free. Cancel At Any Time. Get A Free Quo

**Amazon Home Warranty - Now offering 40% more coverage**
https://ahwp.com/lp/?utm_campaign=BSS_General_Terminology&gclid=EAIaIQobChMIwP...

Cover your HVAC, Furnace, Water Heater, Plumbing, & all kitchen appliances. Now offering 40% more coverage than the average home warranty. Guaranteed Service. Local Contractors. Get Your First Month F

**Amazon Home Warranty - Get Your Free Quote Now**
ahwp.com
Get coverage for common home repairs like A/C, Heating, Appliances, Plumbing & Electrical. Personalized home warranty plans tailored to your needs. Only cover what you need & save! Guaranteed Service. Cancel At Any Time. Get A Free Quote.
Real Estate Pros
For Contractors
Read The FAQs
Get A Quote
http://www.ahwp.com/

52.     Defendants have also maintained the corporate name of Defendant Amazon Home Warranty LLC, which infringes the Amazon Marks and violates the Settlement Agreement.

53.     AWC also has not turned over control of the amazonhomewarranty.com domain to Amazon as required by the Settlement Agreement. In June 2021, in advance of the deadline to transfer the amazonhomewarranty.com domain to Amazon, Amazon contacted AWC to ensure the transfer process would be completed on time. Amazon gave AWC a 15-day extension of the deadline for the domain transfer. But AWC did not then turn over control of amazonhomwarranty.com and still has failed to do so.

---

[7] Google Ads is an online advertising solution that businesses use to promote their products and services on Google Search, YouTube, and other sites across the web. *See* https://ads.google.com/home/faq/.

54. By continuing to use the Amazon Marks in its commercial marketing and in connection with commercial sales of its home warranty offerings, AWC has created a likelihood that consumers will be confused as to the source or origin of AWC's offerings or that Amazon sponsors, is affiliated with, or approves AWC's offerings. On information and belief, consumers actually have been confused as to the source or origin of AWC's offerings and have been deceived into believing that Amazon sponsored, was affiliated with, or approved AWC's offerings.

55. In addition, AWC has deliberately caused consumer confusion about the origin of its products and services. For example, and as noted above, at least one consumer reported that AWC falsely held itself out to the consumer as a subsidiary of Amazon.com.

56. Given the international renown of the Amazon Marks and AWC's false representation of itself as a subsidiary of Amazon, AWC intended to cause confusion as to the source, origin, sponsorship, affiliation, and approval of AWC's commercial offerings and took advantage of such confusion for commercial gain and to attract customers.

57. AWC's use of the Amazon Marks also impairs the distinctiveness of the Amazon Marks as identifiers of the source of Amazon's goods and services.

58. By associating the Amazon Marks with business practices that have earned AWC a D+ rating by the Better Business Bureau and a lawsuit by the Arizona Attorney General, AWC's use of the Amazon Marks also harms the reputation of the Amazon Marks and reduces the goodwill associated with them.

59. AWC's infringement of the Amazon Marks cannot be considered fair use. AWC is not using the Amazon Marks to describe its good or services or using the Amazon Marks to identify or comment on Amazon's goods or services. Rather, AWC is profiting off the goodwill attached to the Amazon Marks.

60. As set forth below, Amazon has filed this action to obtain injunctive relief ordering all Defendants to (a) cease any further use in commerce of the Amazon Marks or any terms confusingly similar to the Amazon Marks; (b) transfer the domain name amazonhomewarranty.com to Amazon; and (c) destroy all materials in Defendants' possession

that bear the Amazon Marks or any term that is confusingly similar to the Amazon Marks. Amazon also seeks damages from Defendants' for their infringing activity and Defendant Amazon Warranty Corporation's breach of the Settlement Agreement.

## VI. CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**Breach of Contract**
**(against Defendant Amazon Warranty Corporation)**

61. Amazon incorporates by reference the allegations of each and every one of the preceding paragraphs as though fully set forth herein.

62. Defendant Amazon Warranty Corporation at all relevant times was, and continues to be, bound by the terms of the Settlement Agreement.

63. Amazon fully performed all of its obligations under the Settlement Agreement.

64. Defendant Amazon Warranty Corporation materially breached the Settlement Agreement, including by continuing to use the Amazon Marks in commerce past the date provided for in the Settlement Agreement, maintaining certain corporate names in violation of the Settlement Agreement, and by failing to turn over ownership and control of the amazonhomewarranty.com domain to Amazon by the date required by the Settlement Agreement.

65. Defendant Amazon Warranty Corporation's breach of the Settlement Agreement has resulted in damages to Amazon. Monetary compensation for breach of the Settlement Agreement is inadequate to compensate Amazon for Defendant Amazon Warranty Corporation's breach, and Amazon lacks an adequate remedy at law. In addition to monetary damages, Amazon is entitled to an order for specific performance of the Settlement Agreement requiring Defendants Amazon Warranty Corporation to cease all uses in commerce of the Amazon Marks (and to cause any affiliated entities to cease all uses in commerce of the Amazon Marks) and turn over ownership and control of the amazonhomewarranty.com domain to Amazon.

**SECOND CLAIM FOR RELIEF**
**Trademark Infringement – Lanham Act (15 U.S.C. § 1114)**
**(Against All Defendants)**

66. Amazon incorporates by reference the allegations of each and every one of the preceding paragraphs as though fully set forth herein.

67. The Amazon Marks are valid, protectable marks that have been registered as marks on the Principal Register in the USPTO. Defendants had actual or constructive notice of these registrations.

68. Amazon Technologies, Inc. is the owner and registrant of the Amazon Marks.

69. At the direction and under the control of Defendants Bailey and Abady and, on information and belief, with the participation or under the control of Does 1–10, AWC has used, and continues to use, the Amazon Marks in connection with its commercial sales in a manner that is likely to cause confusion, to cause mistake, or to deceive as to the source or origin of AWC's commercial offerings and the sponsorship, affiliation, and approval by Amazon of AWC's commercial offerings.

70. Amazon has not consented to Defendants' use of the Amazon Marks.

71. Defendants' infringement of the Amazon Marks is willful.

72. Amazon has been damaged by Defendants' infringement.

73. Defendants' acts are causing irreparable injury to Amazon's goodwill and reputation. An award of monetary damages alone cannot fully compensate Amazon for its injuries, and Amazon lacks an adequate remedy at law.

74. As a consequence of Defendants' infringement of the Amazon Marks, Amazon is entitled to an injunction, as set forth below, including an order that Defendants turn over ownership and control over the amazonhomewarranty.com domain to Amazon, cease all uses in commerce of the Amazon Marks and any terms confusingly similar to the Amazon marks, and destroy all of Defendants' infringing materials.

75. Amazon is entitled to recover damages, including treble damages, Defendants' profits, and costs.

76. Because this is an exceptional case, Amazon is entitled to recover its attorneys' fees.

### THIRD CLAIM FOR RELIEF
### False Designation of Origin – Lanham Act (15 U.S.C. § 1125(a))
### (Against All Defendants)

77. Amazon incorporates by reference the allegations of each and every one of the preceding paragraphs as though fully set forth herein.

78. Amazon uses the Amazon Marks in connection with its commercial offerings.

79. At the direction and under the control of Defendants Bailey and Abady and, on information and belief, with the participation or under the control of Does 1–10, AWC is making commercial use of the Amazon Marks in a manner that is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Amazon with AWC, or as to the origin, sponsorship, or approval by Amazon of AWC's goods, services, or commercial activities.

80. Amazon has not consented to AWC's use of the Amazon Marks.

81. AWC's unauthorized use of the Amazon Marks is willful.

82. AWC's acts constitute willful false statements in connection with products and/or services distributed in interstate commerce, in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

83. Defendants' acts are causing irreparable injury to Amazon's goodwill and reputation. An award of monetary damages alone cannot fully compensate Amazon for its injuries and Amazon lacks an adequate remedy at law.

84. Amazon is entitled to an injunction, as set forth below, including an order that Defendants turn over ownership and control over the amazonhomewarranty.com domain to Amazon, cease all uses in commerce of the Amazon Marks and terms confusingly similar to the Amazon Marks, and destroy all of AWC's infringing materials, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, including

treble damages, disgorgement of profits, costs of suit and, because this is an exceptional case, attorneys' fees.

### FOURTH CLAIM FOR RELIEF
### Trademark Dilution – Lanham Act (15 U.S.C. § 1125(c))
### (Against All Defendants)

85. Amazon incorporates by reference the allegations of each and every one of the preceding paragraphs as though fully set forth herein.

86. Amazon has exclusively and continuously promoted and used the Amazon Marks. Amazon is one of the world's most well-known companies, and the Amazon Marks are famous, distinctive, and well-known symbols of Amazon and became so well before AWC began using the Amazon Marks in association with their goods or services unaffiliated with Amazon.

87. As a result of AWC's use of the Amazon Marks in commerce at the direction and under the control of Defendants Bailey and Abady and, on information and belief, with the participation or under the control of Does 1–10, which began after October 6, 2006 and over which Amazon has no control, the Amazon Marks are being diluted through blurring and/or tarnishment, in violation of 15 U.S.C. §1125(c).

88. AWC's use of the Amazon Marks in commerce is likely to, and in fact does, creates an association that impairs the distinctiveness of the Amazon Marks.

89. AWC willfully intends to trade on the recognition of the Amazon Marks.

90. AWC's use of the Amazon Marks in commerce is likely to, and in fact does, harm the reputation of the Amazon Marks.

91. AWC willfully intends to harm the reputation of the Amazon Marks.

92. As a result of AWC's willful conduct, Amazon is entitled to recover its actual damages, Defendants' profits, and treble damages, costs, and, because this is an exceptional case, attorneys' fees.

93. Amazon is entitled to an injunction, as set forth below, including an order that Defendants turn over ownership and control over the amazonhomewarranty.com domain to Amazon, cease all uses in commerce of the Amazon Marks and any terms confusingly similar to

the Amazon Marks, and destroy all of AWC's infringing materials. Defendants' acts have caused irreparable injury to Amazon. An award of monetary damages cannot fully compensate Amazon for its injuries, and Amazon lacks an adequate remedy at law.

94. In addition, due to Defendants' willful conduct in diluting the Amazon Marks, Amazon is entitled to compensatory damages, including treble damages, disgorgement of profits, costs of suit and, because this is an exceptional case, attorneys' fees.

### FIFTH CLAIM FOR RELIEF
### Cybersquatting – Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d))
### (Against All Defendants)

95. Amazon incorporates by reference the allegations of each and every one of the preceding paragraphs as though fully set forth herein.

96. Amazon has exclusively and continuously promoted and used the Amazon Marks. Amazon is one of the world's most well-known companies, and the Amazon Marks are famous, distinctive, and well-known symbols of Amazon and became so long before AWC began using the Amazon Marks in association with their goods or services unaffiliated with Amazon.

97. At the direction and under the control of Defendants Bailey and Abady and, on information and belief, with the participation or under the control of Does 1–10, AWC registered and used the domain amazonhomewarranty.com after the Amazon Marks had become distinctive and famous. Although AWC appears to have moved its commercial activity from the amazonhomewarranty.com domain to the ahwp.com domain, AWC retains ownership and control of the amazonhomewarranty.com domain.

98. The domain amazonhomewarranty.com is confusingly similar to and dilutive of the Amazon Marks.

99. AWC has a willful and bad faith intent to profit from use of the Amazon Marks by trading on the goodwill and reputation of the Amazon Marks. AWC does not believe or have reasonable grounds to believe that the use of the Amazon Marks in its domain name is fair use or otherwise lawful.

100. Amazon is entitled to recover its actual damages, Defendants' profits, treble damages, costs, and, because this is an exceptional case, attorneys' fees. In the alternative, Amazon is entitled statutory damages under 15 U.S.C. § 1117(d).

101. Pursuant to 15 U.S.C. § 1125(d)(1)(C), Amazon is entitled to an order that AWC forfeit the domain name amazonhomewarranty.com and transfer the domain name to Amazon.

## PRAYER FOR RELIEF

WHEREFORE, Amazon respectfully requests judgment as follows:

102. That the Court issue permanent injunctive relief against Defendants and that Defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, be enjoined and ordered to:

    (a) Cease and desist from all uses in commerce of the Amazon Marks or any term confusingly similar to the Amazon Marks;

    (b) Transfer ownership and control of the amazonhomewarranty.com domain to Amazon; and

    (c) Deliver up and destroy all labels, signs, prints, packages, wrappers, receptacles, internet posts, advertisements, and other material in the possession of Defendants bearing the Amazon Marks or any term confusingly similar to the Amazon Marks.

103. That the Court enter an Order instructing Defendants to pay Amazon's general, special, and actual damages, including treble damages pursuant to the Lanham Act;

104. That the Court order Defendants to pay Amazon both the costs of this action and attorneys' fees incurred in prosecuting this action; and

105. That the Court grant Amazon such additional and further relief as is just and proper.

## DEMAND FOR TRIAL BY JURY

Amazon demands a trial by jury for all issues so triable.

| | |
|---|---|
| Dated: September 30, 2022<br>New York, NY | DAVIS WRIGHT TREMAINE LLP<br><br>By: *[signature: Chris Donati]*<br>　　Christopher Donati<br>1251 Avenue of the Americas, 21st Floor<br>New York, New York 10020<br>Tel: (212) 603-6422<br>Fax: (212) 489-8340<br>chrisdonati@dwt.com<br><br>Scott Commerson, Cal. SBN 227460*<br>Daniel Leigh, Cal. SBN 310673*<br>865 South Figueroa Street, Suite 2400<br>Los Angeles, CA 90017-2566<br>Tel: (213) 633-6800<br>Fax: (213) 633-6899<br>scottcommerson@dwt.com<br>danielleigh@dwt.com<br><br>*Attorneys for Plaintiff Amazon Technologies, Inc.*<br><br>*\*Counsel who will submit applications for admission pro hac vice* |