UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMAZON TECHNOLOGIES, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON WARRANTY CORPORATION, a New York Corporation; AMAZON HOME WARRANTY LLC, a Wyoming limited liability company; HARRY J. BAILEY, an individual; and MARK ABADY, an individual; and Does 1–10,<br><br>Defendants. | No. 1:22-cv-08391-PKC<br><br>**STIPULATION FOR ENTRY OF CONSENT JUDGMENT AND PERMANENT INJUNCTION**<br><br>Hon. P. Kevin Castel |

WHEREAS, Plaintiff Amazon Technologies, Inc. ("**Amazon**") filed this action against Defendants Amazon Warranty Corporation, Amazon Home Warranty LLC, Harry J. Bailey ("**Bailey**"), and Mark Abady ("**Abady**") (collectively, "**Defendants**"), seeking injunctive relief and monetary damages, including treble damages, costs, and attorneys' fees, for trademark infringement, 15 U.S.C. § 1114; false designation of origin, 15 U.S.C. § 1125(a)(1); trademark dilution, 15 U.S.C. § 1125(c); violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); and for substantially related breach of contract against Defendant Amazon Warranty Corporation;

WHEREAS, Amazon and Defendants have executed a separate settlement agreement to resolve their dispute, the terms of which are confidential, and now wish to stipulate to this Consent Judgment and Permanent Injunction;

WHEREAS, Amazon and Defendants now stipulate and consent to this Consent Judgment and Permanent Injunction, to its prompt entry by the Court, and to each and every provision, order, and decree herein;

NOW THEREFORE, Amazon and Defendants hereby stipulate to and request that the Court order the following Consent Judgment and Permanent Injunction:

## STIPULATIONS

For purposes of this Consent Judgment and Permanent Injunction and its enforcement only, the Parties stipulate that this Court has jurisdiction over the subject matter of this case and personal jurisdiction over all Defendants, and that:

1. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

2. Amazon effected proper service of process on all Defendants..

3. Amazon is the owner of all rights in the following marks (the "**Amazon Marks**"), which are listed below and are the subject of the following registrations with the United States Patent and Trademark Office:

| Mark | Registration No. (International Classes) |
|---|---|
| AMAZON | 2,559,936 (Int. Cls. 35, 36, 42) 2,657,226 (Int. Cl. 42) 2,832,943 (Int. Cl. 35) 4,089,910 (Int. Cl. 35) 5,355,386 (Int. Cl. 35) 5,508,999 (Int. Cls. 35, 36, 41, 42) 5,906,636 (Int. Cls. 35, 36) 6,666,404 (Int. Cls. 9, 35) |

4. The registrations for the Amazon Marks are valid, subsisting, and in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065.

5. Plaintiff represents, and for purposes of the Consent Judgment and Permanent Injunction and its enforcement, Defendants waive any right to contest and do not contest, that Amazon has continuously and exclusively used the Amazon Marks to distinguish its products and services and has developed common law rights to the Amazon Marks through Amazon's extensive use of them, including in connection with a wide range of professional home services, as well as extended warranty services for products like home appliances and other products. The Amazon Marks are inherently distinctive and have also acquired secondary meaning in the minds of consumers. The Amazon Marks are famous.

2

Case 1:22-cv-08391-PKC Document 29-1 Filed 03/10/23 Page 3 of 10

6. Defendants have used the name "Amazon Home Warranty" in connection with their commercial activities, specifically the offering of home warranty services. Amazon did not consent to Defendants' use of the name "Amazon Home Warranty."

7. On June 18, 2019, Amazon and Defendant Amazon Warranty Corporation executed a settlement agreement in another matter. Defendant Harry J. Bailey signed the settlement agreement on behalf of Defendant Amazon Warranty Corporation as its CEO.

8. Amazon contends that it fully performed its obligations under the June 18, 2019, settlement agreement and that Defendant Amazon Warranty Corporation breached the June 18, 2019, settlement agreement by: (1) failing to turn over the amazonhomewarranty.com domain to Amazon in the time provided for under the June 18, 2019, settlement agreement; and (2) continuing to use the name "Amazon Home Warranty" and other terms incorporating "Amazon" in commerce beyond the use of certain formal corporate names as allowed by the June 18, 2019, settlement agreement. Amazon further alleges that the conduct described herein constitutes trademark infringement, 15 U.S.C. § 1114, false designation of origin, 15 U.S.C. § 1125(a)(1), trademark dilution, 15 U.S.C. § 1125(c), and violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

9. After Amazon filed the above-captioned lawsuit, Defendant Amazon Warranty Corporation transferred the amazonhomewarranty.com domain to Amazon.

10. Defendants deny the material allegations contained in the Complaint. Nothing in this Consent Judgment shall be construed as an admission by Defendants of any fact, finding, issue of law, or violation of law; nor shall compliance with this Consent Judgment constitute or be construed as an admission by Defendants of any fact, finding, conclusion, issue of law, or violation of law, such being specifically denied by Defendants. However, this paragraph shall not diminish or otherwise affect the obligations, responsibilities, and duties of Defendants under this Consent Judgment and Permanent Injunction. This Consent Judgment and Permanent Injunction is the product of negotiation and compromise and is accepted by the Parties solely for purposes of settling, compromising, and resolving issues disputed in this Action.

## JUDGMENT

11. The Court hereby enters final judgment in favor of Amazon and against Defendants for trademark infringement, 15 U.S.C. § 1114, false designation of origin, 15 U.S.C. § 1125(a)(1), trademark dilution, 15 U.S.C. § 1125(c), and violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

12. The Court hereby enters final judgment in favor of Amazon and against Defendant Amazon Warranty Corporation for breach of contract under Delaware law.

13. Defendants hereby waive any and all right to an appeal from this Consent Judgment and Permanent Injunction.

14. This Consent Judgment and Permanent Injunction constitutes a final judgment in this matter concerning the subject matter of this action pursuant to Federal Rule of Civil Procedure 58 and final judgment on the merits of Amazon's claims against Defendants for purposes of res judicata, collateral estoppel, issue preclusion, and claim preclusion.

15. This Court retains jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment and Permanent Injunction. Upon entry of this Consent Judgment and Permanent Injunction, this action is hereby dismissed with prejudice.

## PERMANENT INJUNCTION

16. Defendants, together with all of Defendants' owners, subsidiaries, affiliates, officers, agents, servants, employees, representatives, and assigns, and all other persons, firms, or companies in active concert or participation with Defendants, are permanently enjoined and ordered to:

   a. Immediately cease and desist from, and remove, all uses in commerce of the Amazon Marks or any term confusingly similar to the Amazon Marks, including without limitation: (1) all uses of "Amazon Home Warranty"; (2) all such usage on social media postings and other websites that any Defendant controls and in URLs for websites that any Defendant controls; and (3) any such usage by any entity that any Defendant owns, controls, is owned by, or is affiliated with;

4

b.  Immediately cease and desist from using as keywords or search terms in all internet advertising, including without limitation Google and Facebook advertisements, any term that includes the word "Amazon," including without limitation any such use of keywords or search terms by any entity that any Defendant owns, controls, is owned by, or is affiliated with;

c.  Within 180 days of entry of this injunction, change and make no further use of any corporate names for any entity that any Defendant owns, is owned by, controls, or is affiliated with that incorporate the Amazon Marks or are confusingly similar to the Amazon marks, including without limitation all uses of "Amazon Home Warranty";

d.  Make a reasonable good faith effort immediately to contact third parties, including without limitation all of Defendants' employees, contractors, or affiliates, who publicly use the term "Amazon Home Warranty" or any term incorporating the Amazon Marks to refer to any of Defendants or to any entity that any Defendant owns, is owned by, controls, or is affiliated with, that (1) informs all such third parties that Defendants are not and have never been associated with Amazon or any of Amazon's parent companies or affiliates, and (2) requests that all such third parties change, remove, and make no further use of the term "Amazon Home Warranty" to refer to Defendants or to any entity that any Defendant owns, is owned by, controls, or is affiliated with;

e.  Immediately destroy all labels, signs, prints, packages, wrappers, receptacles, internet posts, social media posts, websites, advertisements, and other material in the possession of Defendants bearing the Amazon Marks or any term confusingly similar to the Amazon Marks, including without limitation "Amazon Home Warranty"; and

  f. Refrain from acting through or forming other entities or associations or using any other instrumentalities or devices for the purpose of circumventing, evading, avoiding, or otherwise violating this injunction.

17. Defendants shall file with the Court and serve upon Amazon's counsel within 180 days after entry of this Consent Judgment and Permanent Injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

18. This Consent Judgment and Permanent Injunction shall be binding upon and shall inure to the benefit of Amazon and Defendants and their respective heirs, successors, assigns, and acquiring companies. In the event that Bailey and/or Abady ceases to be affiliated with the activities of Amazon Home Warranty LLC and Amazon Warranty Corporation as well as the entities affiliated with and/or related to Amazon Home Warranty LLC and Amazon Warranty Corporation (collectively "the Corporate Defendants"), such that Bailey and/or Abady no longer has the direct or indirect authority or ability to direct the Corporate Defendants, Bailey or Abady shall not be jointly and severally liable for a breach of the Consent Judgment and Permanent Injunction by a Corporate Defendant to the extent such breach arises after the disaffiliation by Bailey or Abady from the activities of the Corporate Defendants. However, Bailey or Abady shall still be responsible for any breach arising from their own acts that become actionable after either disaffiliates from the Corporate Defendants.

19. If any Defendant, after being afforded notice and opportunity to cure as required by the Parties' settlement agreement, is found by the Court to be in contempt of, or otherwise to have violated this Consent Judgment and Permanent Injunction, the Parties agree that Amazon shall be entitled to all available relief which it may otherwise request from the Court, including but not limited to sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and any other relief deemed proper in the event of any such violation.

*Any open motions are terminated and the case should be closed.*

IT IS SO ORDERED.

Dated: 3-14-23

_____
Hon. P. Kevin Castel
United States District Judge

Respectfully submitted,

Dated: March 10, 2023

DAVIS WRIGHT TREMAINE LLP

_____
Scott R. Commerson, *pro hac vice*
Daniel H. Leigh, *pro hac vice*
865 South Figueroa Street, Suite 2400
Los Angeles, California 90017
Telephone: (213) 633-6800
Facsimile: (213) 633-6899
scottcommerson@dwt.com
danielleigh@dwt.com

Christopher L. Donati
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Telephone: (212) 603-6422
Facsimile: (212) 379-5212
chrisdonati@dwt.com

*Counsel for Plaintiff Amazon Technologies, Inc.*

Dated: March 10, 2023

ANSELL GRIMM & AARON PC

_____
Barry M. Capp
1500 Lawrence Avenue
Ocean, NJ 07712
Tel: (732) 922-1000
Fax: (732) 922-6161
bmc@ansellgrimm.com

*Attorneys for Defendants Amazon Warranty Corporation, Amazon Home Warranty LLC, Harry J. Bailey, and Mark Abady*

7

CONSENTED TO:

Plaintiff Amazon Technologies, Inc.

By: _____ Dated: 3/7/23
Name: MICHAEL KELLY
Title: VICE PRESIDENT

Defendant Amazon Warranty Corporation

By: _____ Dated: _____
Name:
Title:

Defendant Amazon Home Warranty LLC

By: _____ Dated: _____
Name:
Title:

Defendant Harry J. Bailey

_____ Dated: _____

Defendant Mark Abady

_____ Dated: _____

**CONSENTED TO:**

**Plaintiff Amazon Technologies, Inc.**

By: _____  Dated: _____
Name:
Title:

**Defendant Amazon Warranty Corporation**

By: *[signature]* _____  Dated: 2/4/23
Name:
Title:

**Defendant Amazon Home Warranty LLC**

By: *[signature]* _____  Dated: 2/14/23
Name:
Title:

**Defendant Harry J. Bailey**

*[signature]* _____  Dated: 2/14/23

**Defendant Mark Abady**

_____  Dated: _____

8

CONSENTED TO:

Plaintiff Amazon Technologies, Inc.

By: _____  Dated:_____
Name:
Title:

Defendant Amazon Warranty Corporation

By: _H~ J. B~_____  Dated: 2/6/23
Name: Harry J. Bailey
Title: CEO

Defendant Amazon Home Warranty LLC

By: _H~ J. B~_____  Dated: 2/6/23
Name:
Title: CEO

Defendant Harry J. Bailey

_____  Dated:_____

Defendant Mark Abady

_____  Dated: 2/10/23

8